UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEASHON T.,

                                         Plaintiff,

      v.                                                                       8:23-CV-1541
                                                                                (MAD/MJK)

COMMISSIONER OF SOCIAL SECURITY,

                                         Defendant.

_____

DEASHON T., Plaintiff, pro se
KRISTINA D. COHN, Special Asst. U.S. Attorney, for Defendant

TO THE HONORABLE MAE A. D'AGOSTINO:

## REPORT-RECOMMENDATION

    Currently before the court in this social security action filed by pro se plaintiff Deashon T. against the Commissioner of Social Security is the plaintiff's letter motion, which the court has interpreted as a motion for remand pursuant to sentence six of 42 U.S.C. § 405(g). (Dkt. Nos. 20, 24, 29). For the reasons set forth below, plaintiff's motion for sentence six remand should be denied.

**I.    RELEVANT BACKGROUND**

    **A.    Factual Background**

    Plaintiff was born on August 8, 1990. He was 29 years old at the time of his May 2020 benefits applications. The highest level of education that he achieved was completing the eighth grade. (T. 9). Plaintiff's employment history included working in the deli and front end of a grocery store. (T. 11, 13). Plaintiff's alleged disabilities

1

include bipolar disorder, post-traumatic stress disorder, depression, anxiety, schizophrenic affective disorder, sleep apnea, learning disabilities, obesity, acro mioclavicular joint separation in the right shoulder, and being pre-diabetic. (T. 23).

## B. Procedural History

In May 2020, plaintiff filed applications for both child's insurance benefits ("CIB") and supplemental security income ("SSI"),[1] alleging disability beginning August 8, 2008. (T. 282-91, 292-93). Both claims were denied initially in October 2020. (T. 36-63). However, upon reconsideration in March 2021, plaintiff was found eligible for SSI benefits beginning May 15, 2020. (T. 64-82). Plaintiff requested a hearing and appeared before Administrative Law Judge ("ALJ") Mary Sparks on August 11, 2021with respect to his application for CIB benefits. (T. 4-21). On October 7, 2021, the ALJ issued a written decision finding that plaintiff was not disabled from August 8, 2008 through August 2012, when he attained age 22, for purposes of his application for CIB. (T. 99-107). On October 3, 2023, the Appeals Council denied

---

[1]

> Supplemental Security Income, authorized by Title XVI of the Social Security Act and funded by general tax revenues, provides an additional resource to assure that disabled individuals' incomes do not fall below the poverty line. *See* Social Security Administration, Social Security Handbook, § 2100 (14th ed.2001). Supplemental Security Income is available to persons of all ages.
>
> . . .
>
> A disabled, unmarried child under the age of 22 is entitled to child's insurance benefits (generally higher than Supplemental Security Income) based on the earnings record of an insured parent who is entitled to old-age or disability benefits or who has died. 20 C.F.R. § 404.350(a); *see also* 402(d)(1)(G).

*Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *1 n. 1 (N.D.N.Y. Apr. 2, 2015).

plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 90-92).

### C. The ALJ's Decision

Generally, the ALJ made the following findings of facts and conclusions of law in her decision. First, the ALJ found that plaintiff, who had not attained the age of 22 as of the August 8, 2008 alleged onset date, had not engaged in substantial gainful activity since the same date. (T. 101-02). Second, the ALJ found that during the period at issue, plaintiff had the following severe impairments: psychotic disorder, not otherwise specified; polysubstance abuse; and impulse control disorder. (T. 102). Third, the ALJ found that plaintiff's impairments do not meet or medically equal one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T. 102). In doing so, the ALJ considered the listings in section 12.00, as well as the criteria in Paragraphs B and C. (T. 102-03). Next, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but is

> limited to performing simple repetitive jobs defined as those having no more than 10 to 15 tasks as defined by the US Department of Labor employment and training administration in the revised handbook for analyzing jobs and they would need to be low stress jobs defined as those having no more than occasional decision-making required and no more than occasional changes in the work setting and he could have no more than occasional interaction with the public; no more than occasional interaction with coworkers but could not work in tandem with coworkers and no more than occasional interaction with supervisors.

(T. 103). The ALJ next found that plaintiff does not have past relevant work experience, and has a limited education. (T. 105). Finally, the ALJ determined that, considering plaintiff's age, education, work experience and RFC, there are jobs that

3

exist in significant numbers in the national economy that plaintiff could have performed during the relevant period at issue. (T. 106-07).

## II. THE PARTIES' BRIEFINGS

### A. Plaintiff's Moving Papers

#### 1. 5/2/24 Letter Motion

Plaintiff, who is proceeding pro se in this matter, submitted a letter to the court on May 2, 2024, indicating that he was in receipt of the administrative transcript pertaining to this matter, and requesting to "add some items . . . missing from the SSA transcript or incomplete." (Dkt. No. 20 at 1). Specifically, plaintiff seeks to add a 2021 form Request for Reconsideration, which he states was submitted in response to the June 30, 2022 Notice from the SSA indicating that they had filed their request for review late. (Dkt. Nos. 20 at 1; 20-1). Plaintiff states that this document should be included because it was evidence that his request was not filed late. (*Id.*). Plaintiff points out that this document challenged both the decision on his CIB application, as well as an issue concerning the withholding of a portion of his separately awarded SSI benefits to repay the Albany County Department of Social Services for benefits paid. (*Id.*). To this end, plaintiff seeks to add additional documents to the record concerning the SSA's attempts to "separate out" his request for review in his CIB case from his challenge to the recoupment from his SSI benefits (Dkt. Nos. 20 at 1-2; 20-5; 20-6), including communications with the SSA related solely to challenging the latter (Dkt. Nos. 20 at 2-3; 20-7; 20-8; 20-11; 20-12).

Plaintiff further seeks to add school records to the administrative record (Dkt. No. 20-9). Plaintiff specifically states that despite mailing these records to the Appeals

Council at the administrative level as additional records for their consideration, the records do not appear in the administrative transcript, and do not appear to have been reviewed by the Appeals Council prior to issuing a denial. (Dkt. No. 20 at 2; T. 90-95). Plaintiff maintains that this new evidence "demonstrate[s] his marked difficulty completing classes, and failure in certain classes[.]" (Dkt. No. 20 at 2). Plaintiff additionally seeks to add an April 2023 discharge order from Albany Medical Center to the administrative record. (Dkt. No. 20 at 2-3).

### 2.  5/21/24 Letter Motion[2]

In his supplemental submission to the court, plaintiff requests that the SSA "produce" any and all records, including administrative and medical, pertaining to plaintiff's receipt of Social Security benefits as a youth under his mother as wage earner. (Dkt. No. 24 at 1). Plaintiff purports that because he was "disabled for [his] entire childhood," as evidenced by medical records already included in the administrative record, the documents pertaining to his benefits prior to turning 18 years old should be added to the administrative transcript. (*Id.*).

Plaintiff proceeds to argue that any and all applications for claims made by plaintiff prior to his application for CIB benefits should also be included in the administrative record. (Dkt. No. 24 at 2-6). Plaintiff specifically appears to challenge a notice from a prior application indicating that he failed to appear for a hearing dated December 1, 2008, which he purports was sent to the wrong address. (*Id.*; T. 83-87).

---

[2] In addition to requesting that additional documents be added to the administrative record in his 5/21/24 letter motion, plaintiff also "advised" of his future intention to move for the appointment of counsel, and the basis on which he would seek such appointment. (Dkt. No. 24 at 8-10). Plaintiff ultimately moved for the appointment of counsel (Dkt. No. 25), which request this court denied in a separate decision and order (Dkt. No. 28).

5

Next, plaintiff contends that his Price Chopper earnings and checks should be added to the administrative transcripts, although these documents have not actually been submitted to the court. (Dkt. No. 24 at 5).

Plaintiff next states, generally, that his "2020 application" as it appears in the administrative transcript is incomplete, based on purportedly unconforming page numbers on various documents. (Dkt. No. 24 at 6).

Last, plaintiff states that he would like "Legal Aid's file to be added to the Administrative Transcript." (Dkt. No. 24 at 8).

### 3. 5/24/24 Letter Motion

In his final submission, plaintiff seeks to "clarify" the issue of where he lived at the time he received a Notice of Dismissal in 2011, concerning his failure to appear for an administrative hearing on a prior, unrelated application. (Dkt. No. 29 at 1-5). Plaintiff further requests that an "online Disability Appeal receipt" he "found" be added to the administrative transcript, "along with producing any and all documentation associated with this appeal." (*Id.* at 4-5).

### B. Defendant's Opposition

### 1. 5/14/24 Letter Brief

Defendant argues, in essence, that the evidence plaintiff seeks to add to the administrative record is either (1) related to a separate claim for benefits which is still pending at the administrative level, or (2) irrelevant to plaintiff's condition during the relevant period for the instant case under review, August 8, 2008 through August 7, 2012. (Dkt. No. 22). With respect to the former, defendant submits a sworn declaration from Lesha Cowell, of the Office of Appellate Operations for the SSA. (Dkt. No. 22-1)

6

("Cowell Decl."). According to Ms. Cowell, on September 24, 2021, plaintiff was notified in the notice of award for benefits granted under his SSI application that "a portion of his back pay was being withheld to repay the Albany [County DSS] for benefits it paid plaintiff for the period May 2020 through September 2021." (Cowell Decl. ¶ 2d). Ms. Cowell further states that plaintiff subsequently sought reconsideration of the amount of withheld benefits at the administrative level, and his request for reconsideration was denied. (*Id.*). Plaintiff has since made a request for a hearing on this issue, which hearing date is pending. (*Id.*). Thus, Ms. Cowell asserts that the documents submitted by plaintiff pertaining to the SSI claim "do not pertain to the instant claim under court review" challenging the Commissioner's denial of CIB benefits. (*Id.*¶ 2e).

### 2.     5/22/24 Letter Brief

In response to plaintiff's May 21, 2024 letter, defendant reiterates that the relevant period under review is August 8, 2008 through August 7, 2012, the date plaintiff attained age 22. (Dkt. No. 27 at 1). Defendant further contends that, per the regulations, it was "plaintiff's duty to submit all evidence relating to his claim at the administrative level." (*Id.* at 2). With respect to plaintiff's challenges to the withholding of backpay from his SSI, defendant contends that plaintiff must exhaust his administrative remedies as to that issue, before seeking relief from this court.

### III.    **RELEVANT LEGAL STANDARD**

The Social Security Act provides that a district court may remand a case to the Commissioner to consider new and material evidence that was not included as part of the original administrative proceedings. *See* 42 U.S.C. § 405(g) (sentence six) ("The

7

court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."). This type of remand, commonly referred to as a "sentence six remand," is appropriate only if new, non-cumulative evidence presented to the District Court should be considered by the Commissioner and if the claimant can establish good cause for having failed to present the evidence during the original administrative proceedings. *See Lisa v. Sec'y of Dep't of Health and Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991).

In the Second Circuit, courts employ a three-prong test to determine whether a sentence six remand is warranted. *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988). All three prongs of this test must be met to warrant a remand pursuant to sentence six of 42 U.S.C. § 405(g). *Rivera v. Comm'r of Soc. Sec.*, No. 1:16-CV-0454 (GTS), 2017 WL 3913017, at *3 (N.D.N.Y. Sept. 6, 2017). First, the evidence must be "new" and not merely cumulative of evidence in the administrative record. *Tirado*, 842 F.2d at 597. Second, the new evidence must be "material," i.e., "it must be relevant to the claimant's condition during the time period for which benefits were denied and probative." *Id.* The "materiality" prong further requires a finding that there is a reasonable possibility that the new evidence would have changed the outcome before the Commissioner. *See Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991). Third, and finally, the plaintiff must demonstrate good cause for failing to present the evidence earlier. *Lisa*, 940 F.2d at 43.

## IV.  ANALYSIS

For the following reasons, the court agrees with defendant that plaintiff has failed to establish that remand under sentence six is warranted in order for the Commissioner to consider new and material evidence that was not included as part of the original administrative proceedings. After careful consideration of the evidence and arguments submitted by the plaintiff, and in due consideration for plaintiff's pro se status, it is clear that the proffered evidence fails to satisfy the necessary factors warranting remand of this nature.

At the outset, most of the evidence proffered by plaintiff is duplicative of evidence that was included in the administrative transcript, despite plaintiff's contentions to the contrary, and thus does not constitute "new" evidence warranting sentence six remand. (*Compare* Dkt. No. 20-1 *with* T. 244-45; *compare* Dkt. No. 20-2[3] *with* T. 240-41; *compare* Dkt. No. 20-4 *with* T. 236-38; *compare* Dkt. No. 20-5 *with* T. 246; *compare* Dkt. No. 20-6 *with* T. 248-251). *See McNier v. Comm'r of Soc. Sec.*, 166 F. Supp. 3d 904, 911 (S.D. Ohio 2016) ("The vast majority of these records . . . were part of the administrative record before the ALJ and, therefore, do not constitute 'new' evidence and cannot be the basis for a Sentence Six remand.").

In conjunction with the educational records submitted by plaintiff (Dkt. No. 20-9 at 5-35), plaintiff proffers a September 15, 2023 email to his attorney suggesting that he

---

[3] At Dkt. No. 20-3, plaintiff proffers what appears to be proof of service by fax to the Appeals Council in relation to Dkt. No. 20-2. To the extent these receipts do not appear in the administrative transcript, plaintiff has failed to establish how they are at all material to the underlying determination of disability. It is clear from the administrative transcript that the Appeals Council was in receipt of plaintiff's letter at Dkt. No. 20-2 (T. 240-41), and that the Appeals Council accepted the correspondence as "good reason" for the delay in filing his request for review on time (*See* T. 90).

9

submitted "a few pages" of the records to the Appeals Council that day via first class postal mail. (Dkt. No. 20-10). To this end, many of the educational records proffered by plaintiff are, in fact, duplicative of information already included in the administrative record. (*Compare* Dkt. No. 20-9 at 5-35 *with* T. 426-50). Furthermore, the educational records proffered by plaintiff appear to relate to the period between approximately 1995 through 2004, well before the relevant period for the instant case under review. (Dkt. No. 20-9 at 5-35). Plaintiff has failed to establish how these records are not duplicative of information already included in the record, or probative of plaintiff's condition between 2008 and 2012, the relevant period at issue.

Plaintiff maintains that the April 26, 2023 Albany Medical Center record demonstrates "good cause and . . . should have [been] considered" at the administrative level. (Dkt. No. 20 at 2-3). Notably, "[e]vidence developed after the ALJ's decision can be material if it 'shed[s] light on the seriousness of the claimant's condition at the time of the ALJ's decision.'" *Mendez ex rel. E.V. v. Astrue,* No. 11–CV–4297, 2013 WL 1686485, at *10 (E.D.N.Y. Apr. 18, 2013) (quoting *Carballo ex rel. Cortes v. Apfel,* 34 F.Supp.2d 208, 223 (S.D.N.Y.1999)). However, in this case plaintiff has failed to link any evidence from the 2023 discharge order to his condition as it existed more than ten years prior, during the relevant period for the instant case under review. *See, e.g., Blake v. Colvin*, No. 14-CV-52, 2015 WL 3454736, at *12 (D. Vt. May 29, 2015) (doctor's assessment, which occurred approximately twenty months after the ALJ's decision, was not "material" for purposes of a sentence-six remand, where the doctor rendered opinions about claimant's present condition and made "no attempt to connect his opinions about [the claimant's] functional limitations to the relevant

10

period"). Plaintiff's contention is that the 2023 discharge order was relevant to the issue of establishing good cause for the late filing of his request for review. To this end, the Appeals Council agreed to consider his untimely request for review. (T. 90). Plaintiff has not otherwise established how this record would have changed the outcome before the Commissioner.

Next, the court turns to the various notices and correspondences proffered by plaintiff concerning his separate challenge to the reimbursement paid to Albany County DSS out of his SSI benefits award. (Dkt. Nos. 20-7; 20-8; 20-11; 20-12). As defendant explains, these documents do not pertain to the instant case under review, i.e. plaintiff's challenge to the denial of CIB benefits. They are related to Plaintiff's separate claim concerning his SSI benefits, which is still pending at the administrative level. Accordingly, because that issue is not presently before this court, plaintiff has failed to establish that they are at all relevant to the plaintiff's condition during the time period for which benefits were denied.

To the extent that plaintiff requests the SSA produce the "records" pertaining to the benefits he purportedly received "as a youth, prior to age 21," to determine if they were "ever properly terminated in the first place," this general request is unavailing. Plaintiff has not identified what material evidence from these applications is missing from the administrative transcript that would have created a reasonable probability that the ALJ would have reached a different conclusion, nor has he provided good cause for failing to produce any evidence contained in these applications at the underlying proceeding, during which he was represented by counsel. Plaintiff is not otherwise entitled to the inclusion of "all" his applications and their respective files in the

11

administrative transcript pertaining to the instant challenge. *See Saxon v. Astrue*, 781 F. Supp. 2d 92, 100 (N.D.N.Y. 2011).

Likewise, plaintiff has failed to establish what new and material evidence should be included from the "Legal Aid" file pertaining to his claim. To the extent plaintiff contends that his former attorney's purported deficiencies in representation resulted in the failure to include certain evidence in the administrative record, it is well settled that "the omission of plaintiff's former counsel do not establish good cause to obtain a sentence six remand." *Helen Cross v. Colvin*, No. 6:16-CV-0111 (GTS), 2016 WL 7011477, at *5 (N.D.N.Y. Dec. 1, 2016) (listing cases).

With respect to plaintiff's claim that he has "copies of [his] own Price Chopper earnings and checks and would like to add them to the record and Administrative Transcript," plaintiff has failed to establish good cause for his failure to present this evidence to the ALJ at the administrative level. Plaintiff has further failed to establish how these documents would have created a reasonable probability that the ALJ would have reached a different conclusion. Furthermore, plaintiff's claim that his 2020 application is incomplete is a mischaracterization of the administrative transcript and unavailing.

For the foregoing reasons, plaintiff's motion should be denied. The court notes that it did not consider any arguments regarding whether the ALJ's decision was supported by substantial evidence because, pursuant to this Court's General Order No. 18, when a plaintiff moves for a sentence six remand, adjudication of the merits is stayed until the motion for remand is ruled upon.

**ACCORDINGLY**, it is

**RECOMMENDED** that plaintiff's motion for remand pursuant to sentence six of 42 U.S.C. § 405(g) (Dkt. Nos. 20, 24, 29) be **DENIED**; and it is further

**RECOMMENDED** that, should the district court accept my recommendation, pursuant to this Court's General Order No. 18 plaintiff be provided 45 days from the date of the district court's decision and order in which to file a brief challenging the substantive merits of the ALJ's decision, after which defendant will have 45 days from the date of service of plaintiff's brief to respond.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

Dated: May 31, 2024

Mitchell J. Katz
U.S. Magistrate Judge

13