UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEASHON T.,

         **Plaintiff,**

 vs.                 8:23-CV-1541
                       (MAD/MJK)

COMMISSIONER OF SOCIAL SECURITY,

         **Defendant.**
_____

**APPEARANCES:**           **OF COUNSEL:**

**DEASHON T.**
Latham, New York
*Pro se* Plaintiff

**SOCIAL SECURITY ADMINISTRATION**  **KRISTINA D. COHN, ESQ.**
Office of General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

  *Pro se* Plaintiff, Deashon T., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying his applications for Supplemental Security Income and Child's Insurance Benefits. *See* Dkt. No. 1.

  On May 2, 2024, Plaintiff filed a letter seeking to add documents to the administrative record. *See* Dkt. No. 20.  On May 21 and 24, 2024, Plaintiff filed two more letters requesting the same. *See* Dkt. Nos. 24, 29.  The Commissioner responded to Plaintiff's letters, arguing that the

1

record was fully developed.  *See* Dkt. Nos. 22, 27.  In a Report-Recommendation dated May 31, 2024, Magistrate Judge Mitchell J. Katz interpreted Plaintiff's filings as a request to remand the Commissioner's decision pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of new and material evidence that was not part of the original administrative record.  *See* Dkt. No. 31.  Magistrate Judge Katz recommended denying Plaintiff's request for remand.  Plaintiff filed sixty-page objections to the Report-Recommendation.  *See* Dkt. No. 33.  The Commissioner did not respond.

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the court reviews those recommendations "for clear error."  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 685 (N.D.N.Y. 2015) (citation and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff's objections, although lengthy, largely reiterate arguments presented to and considered by Magistrate Judge Katz.  Therefore, the Court subjects those portions of the Report-Recommendation to only a clear error review.  *See Hickman ex rel. M.A.H. v. Astrue*, 728 F.

Supp. 2d 168, 172 (N.D.N.Y. 2010) ("When a party reiterates her original arguments, the Court reviews the Report and Recommendation only for clear error").

Plaintiff first objects to not having "an opportunity to submit a brief by the deadline May 30, 2024." Dkt. No. 33 at 1. Plaintiff submitted his first letter to the Court on May 2, 2024. *See* Dkt. No. 20. The Commissioner responded on May 14, 2024. *See* Dkt. No. 22. On May 16, 2024, Magistrate Judge Katz entered a Text Order which stated as follows:

> Plaintiff has submitted a letter motion 20, which the court construes as a motion for remand based on new and material evidence, pursuant to sentence six of 42 U.S.C. § 405(g). In his motion, plaintiff indicates that he has "not finished reviewing the transcript so we are not sure what else may be missing." Plaintiff is ordered to submit any and all further briefing and/or evidence in support of his motion for remand based on new and material evidence by 5/30/2024. Plaintiff's failure to submit any additional briefing and/or evidence in support of his motion by 5/30/2024 will be construed as his abandonment of such arguments.

Dkt. No. 23. Plaintiff subsequently submitted two additional letters on May 21 and 24, 2024. *See* Dkt. Nos. 24, 29. Magistrate Judge Katz issued his Report-Recommendation on May 31, 2024. *See* Dkt. No. 31.

In Plaintiff's objections, he asserts that "Ms. La Pietra[1] chatted online to the Court Clerk on May 29, 2024[,] and found out that the Court was prohibiting me from submitting by May 30 and considering the issue already briefed, even though I did not intend for my letter to act as a brief. We have not even received the text order in the mail yet." Dkt. No. 33 at 1. Plaintiff also asserts that he has "never received or was served any letters" from the Commissioner. *Id.* at 2.

---

[1] Ms. LaPietra is listed on the docket as Plaintiff's Power of Attorney. In Magistrate Judge Katz' May 16, 2024, Text Order, he correctly reminded Plaintiff "that Ms. LaPietra is neither a party to nor an attorney representing him in this action. She may not proceed on his behalf or sign court submissions on his behalf. Both plaintiff and Ms. LaPietra have been previously warned by this court that she may not pursue this action on plaintiff's behalf, regardless of whether Plaintiff has properly granted power of attorney to Ms. LaPietra." Dkt. No. 23.

3

There is no evidence to support Plaintiff's assertions that he has not received documents from the Court or Commissioner. Plaintiff's physical address is listed on the docket. The Court's Text Order was served on Plaintiff via regular mail. *See* Dkt. No. 23. Each of the Commissioner's letters include a certificate of service noting service upon Plaintiff to the address listed on the docket. *See* Dkt. No. 22 at 4; Dkt. No. 27 at 3. No mail has ever been returned as undeliverable. All of the documents have been mailed to the same address, including Magistrate Judge Katz' Report-Recommendation, which Plaintiff did receive. Therefore, the Court does not find support in Plaintiff's contention that he has not been sent nor has he received various filings. Likewise, Plaintiff provides no support for his assertion that a Court Clerk told Ms. LaPietra "the Court was prohibiting [Plaintiff] from submitting by May 30." Dkt. No. 33 at 1.

Plaintiff next objects to Magistrate Judge Katz' conclusion that documents Plaintiff wants to add to the record dated from 1995 through 2004 were not probative of Plaintiff's condition during the relevant time period—August 8, 2008, through August 7, 2012. *See id.* at 2-7; *see also* Dkt. No. 31 at 9-10. Plaintiff disagrees with the characterization of the relevant time period because he "had been hearing voices since [he was] a child, [the ALJ] knew [he] was disabled prior to 2021, and she (ALJ) had a duty to develop the record." Dkt. No. 33 at 5.

Magistrate Judge Katz correctly explained in the beginning of the Report-Recommendation that Plaintiff alleged a disability onset date of August 8, 2008. *See* Dkt. No. 31 at 2 (citations omitted). In the administrative transcript, both of Plaintiff's applications indicate a disability onset date of August 8, 2008. *See* Dkt. No. 16 (Admin. Tr.) at 282, 292.[2] Generally, records from prior to the onset date are not probative of disability during the relevant time period. *See Carway v. Colvin*, No. 13-CV-2431, 2014 WL 1998238, *5 (S.D.N.Y. May 14, 2014)

---

[2] Citations are to the pagination generated by CM/ECF in the document's header.

("[M]edical evidence that predates the alleged disability onset date is ordinarily not relevant to evaluating a claimant's disability") (citing *Briscoe v. Astrue*, 892 F. Supp. 2d 567, 582 (S.D.N.Y. 2012)). However, "[i]n some circumstances, evidence predating the alleged onset date can also be probative when assessing whether a severe impairment or limitation existed within the relevant period." *Canestrare v. Comm'r of Soc. Sec.*, No. 5:16-CV-0920, 2017 WL 3130327, *4 (N.D.N.Y. July 21, 2017) (collecting cases). "This is particularly true where evidence before or after the relevant period shows findings indicative of an ongoing or chronic impairment that does not improve or fluctuate." *Id.* (citation omitted).

It is plausible that the records from prior to 2008 are probative of Plaintiff's mental health conditions as they discuss his intellectual and social functioning, which is an ongoing impairment. *See* Dkt. No. 33-4; *see also* Dkt. No. 16 at 102. However, Magistrate Judge Katz correctly noted that the records Plaintiff sought to admit, regardless of their date, are "duplicative of information already included in the administrative record." Dkt. No. 31 at 10. To be sure, each of the records that Plaintiff attached in his first letter to the Court are not identical to those already in the administrative record. For example, Plaintiff submitted records from 1996 and 2003 to this Court. *See* Dkt. No. 20-9 at 21, 23-24. Those exact records do not appear in the administrative transcript. Nevertheless, the ALJ considered similar records, from the same school, that predated Plaintiff's disbaility onset date, such as records from 2001, 2004, and 2005. *See* Dkt. No. 16 at 434-55. The Court finds no clear error in Magistrate Judge Katz' conclusions that the records contain the same information—Plaintiff had "low average intelligence" and failing grades—and that Plaintiff has not established why the additional records would impact the ALJ's decision. *Id.* at 444; *see Lasher v. Comm'r of Soc. Sec.*, No. 1:11-CV-0777, 2012 WL 4511284, *4 (N.D.N.Y. Oct. 1, 2012) ("[E]vidence is . . . 'material' if it is . . . probative—in other words, that there is a

5

'reasonable probability that the new evidence would have influenced the Commissioner to decide the claimant's application differently'") (quotation omitted).

Plaintiff next discusses treatment records from 2010, 2011, 2012, and 2015. *See* Dkt. No. 33 at 7. Plaintiff asserts that the records are missing from the administrative transcript and alter the ALJ's conclusion because the ALJ did not consider Plaintiff's diagnoses of Depressive Disorder and Anxiety Disorder and wrongly concluded that Plaintiff was non-compliant with treatment. *See id.* at 7-8. Plaintiff argues that the records he now provides show that he was compliant with treatment. *See id.* Plaintiff did not make this argument before Magistrate Judge Katz nor provide Magistrate Judge Katz with the records he provides to this Court. *See* Dkt. Nos. 33-1, 33-2; *see also* Dkt. Nos. 24, 29.

It is well settled that "a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance." *Monroe v. Kocienski*, No. 9:17-CV-1050, 2019 WL 409412, *2 (N.D.N.Y. Feb. 1, 2019); *see also Ryan J. W. v. O'Malley*, No. 5:22-CV-1045, 2024 WL 1230254, *1 (N.D.N.Y. Mar. 22, 2024) ("[A] district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance"). "'[F]or the district judge to review new evidence or arguments would reduce the magistrate's work to something akin to a meaningless dress rehearsal,' . . . and would frustrate the congressional objective behind § 636(b)(1) which is intended to alleviate the congestion of litigation in the district courts." *Matthews v. Barq*, No. 9:18-CV-855, 2021 WL 1135452, *1 (N.D.N.Y. Mar. 25, 2021) (citation and internal quotation omitted).

Although the Court is not obligated to consider Plaintiff's argument or evidence because he did not present them to Magistrate Judge Katz, given Plaintiff's *pro se* status, the Court will

6

review the information.  *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants") (citations omitted).

    First, many of the records Plaintiff submits to this Court already exist in the administrative record.  *See* Dkt. No. 33-1 at 1-2, 9-10; Dkt. No. 33-2 at 1-7; Dkt. No. 16 at 483-84, 488, 552, 556.  Second, Plaintiff does not explain why, despite the records being from 2010 through 2015, he never submitted them before now.  Plaintiff states that when he wrote to the Appeals Council about having additional records, he was "referring to" the records he presented to this Court.  Dkt. No. 33 at 6.  However, he never specifically mentioned them nor provided them to the Appeals Council.  Plaintiff relies on an e-mail that Ms. LaPietra sent to the Social Security Administration ("SSA") on September 15, 2023.  *See* Dkt. No. 33 at 6.  The e-mail references Utica City School District records but says nothing of any other records.  *See* Dkt. No. 33-5.  Third, Plaintiff has not established that the new records would alter the ALJ's decision.  Plaintiff contends that the ALJ did not consider his Depressive Disorder and Anxiety Disorder diagnoses.  *See* Dkt. No. 33 at 7.  That is inaccurate.  The ALJ noted that Plaintiff alleged depression and anxiety in his applications.  *See* Dkt. No. 16 at 104.  The ALJ also expressly discussed and cited the treatment records which indicate Plaintiff's "Depressive Disorder [not otherwise specified]" and "Anxiety Disorder [not otherwise specified]."  *Id.* at 104, 488.

    Plaintiff argues that the additional records show that he "was compliant with [his] medication and treatment" "contrary to the ALJ's assertions."  Dkt. No. 33 at 8.  However, the ALJ fully explained that although there were times Plaintiff was not compliant with his treatment, there were other times when he was compliant.  *See* Dkt. No. 16 at 104-05.  Plaintiff also notes that the ALJ did not consider that his drug usage occurred prior to 2015, which is demonstrated in

7

records from 2010 and 2012.  *See* Dkt. No. 33 at 8.  There is information already in the administrative record noting Plaintiff's drug usage in 2012, which the ALJ cited in her decision.  *See id.* at 104, 483.  Plaintiff's argument about the records being material are without merit.  Similarly, he has not presented any argument as to why he failed to earlier submit them to the SSA or Magistrate Judge Katz.

Plaintiff argues that although the Commissioner claimed that Plaintiff has the burden to produce his records, the "SSA has an affirmative duty to get the records and to help obtain any records." Dkt. No. 33 at 9.  Plaintiff contends that he put the Appeals Council on "notice" that the record was incomplete which "fulfilled [his] obligation to SSA by informing them about the records and my intent to submit the records." *Id.* at 10.  Plaintiff did not raise this argument before Magistrate Judge Katz; therefore, the Court is not required to consider it.  *See* Dkt. Nos. 20, 24, 29.  However, in deference to Plaintiff's *pro se* status, the Court will consider his arguments.

The "notice" that Plaintiff purports to have provided to the Appeals Council does not support Plaintiff's argument that the ALJ or Appeals Council failed to develop the record.  Dkt. No. 33 at 9.  Plaintiff informed the Appeals Council that he was "sending [his] Utica City School District Records," but he had "additional records [he] would like to send." *Id.* at 10.  "When the claimant appears *pro se*, as was the case here, the ALJ has a heightened duty to develop the administrative record prior to making a determination." *Devora v. Barnhart*, 205 F. Supp. 2d 164, 172 (S.D.N.Y. 2002).  "Moreover, where a claimant is *pro se* and alleging mental impairments, courts have concluded that the ALJ bears a 'doubly heightened' duty to develop the record." *Andrea K. v. Comm'r of Soc. Sec.*, No. 1:18-CV-1448, 2021 WL 1224049, *4 (N.D.N.Y. Mar. 31,

2021) (quoting *Estrella v. Berryhill*, No. 15-CV-6966, 2017 WL 2693722, *21 (S.D.N.Y. June 22, 2017)).

It is also true, as Plaintiff states, that the Social Security regulations require him to either "inform" the SSA about evidence or "submit" it himself. 20 C.F.R. § 404.1512(a)(1). The regulations state as follows:

> [W]e will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application. We will make every reasonable effort to help you get medical evidence from your own medical sources and entities that maintain your medical sources' evidence when you give us permission to request the reports.
>
> Every reasonable effort means that we will make an initial request for evidence from your medical source or entity that maintains your medical source's evidence, and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, we will make one follow-up request to obtain the medical evidence necessary to make a determination. The medical source or entity that maintains your medical source's evidence will have a minimum of 10 calendar days from the date of our follow-up request to reply, unless our experience with that source indicates that a longer period is advisable in a particular case.

20 C.F.R. § 404.1512(b)(1), (2).

Plaintiff does not argue that the SSA failed to take "every reasonable effort" to obtain his records. *See* Dkt. No. 33. During his administrative hearing, Plaintiff was represented by an attorney who agreed that the record was complete, except for "one set of records from – just updated records from Albany County Department of Mental Health." Dkt. No. 16 at 16. Plaintiff's attorney did not object to the record. *See id.* Additionally, Plaintiff's "notice" to the Appeals Council states his intention to submit additional records and does not ask for assistance

in obtaining records. Dkt. No. 33 at 10. Plaintiff did not inform the Appeals Council where additional records were located. *See id.* Additionally, the Appeals Council granted Plaintiff's request for additional time to appeal the ALJ's decision and submit additional records. *See* Dkt. No. 33 at 13; *see also* Dkt. No. 16 at 253.

Plaintiff asserts that other academic records from his youth were not solicited by the SSA. *See* Dkt. No. 33 at 21-22. First, Plaintiff contradicts his own statement by acknowledging that the "SSA directly tried to solicit records from the Charter School." *Id.* at 21 (citing Dkt. No. 16 at 968). Second, as repeatedly noted by Magistrate Judge Katz in his Report-Recommendation, Plaintiff does not explain what information exists in the additional records that would change the ALJ's decision. *See* Dkt. No. 31 at 9-12. Plaintiff summarily asserts that the "records would have had an impact on [his] childhood disability case," but such a conclusory statement is not sufficient to demonstrate the need for remand to consider additional evidence. *See Ashley E. v. Comm'r of Soc. Sec.*, No. 6:22-CV-299, 2023 WL 6217792, *6 (N.D.N.Y. Aug. 21, 2023) ("Plaintiff has not demonstrated how the records would likely change the ALJ's decision as they indicate that plaintiff had diarrhea, abdominal pain, bloating, depression, and anxiety—all things that the ALJ considered") (citing, *inter alia*, *Boffa v. Kijakazi*, No. 20-CV-2632, 2023 WL 4545187, *9 (E.D.N.Y. July 15, 2023) ("[W]hile this report contained [the] high-level assessment of [the plaintiff's] impairments, a significant portion of the medical evidence underlying that assessment was already extensively documented at the time of the ALJ's decision. [The] report therefore would not have meaningfully changed the record before the ALJ")). Plaintiff has not presented any evidence that the ALJ or Appeals Council failed to develop the record.

In his objections, Plaintiff repeatedly references being hospitalized prior to appealing the ALJ's decision and the delay it caused him in being able to submit additional records. *See, e.g.*,

Dkt. No. 33 at 20.  Magistrate Judge Katz appropriately acknowledged that the Appeals Council accepted that Plaintiff had "good reason" for his delay.  Dkt. No. 31 at 9 n.3 (citing Dkt. No. 16 at 98).  Plaintiff has not raised any meritorious arguments on this issue as his hospitalization was considered by the Appeals Council, he was granted an extension because of it, and "good reason" was found for any delay.  The Court has reviewed the remainder of Magistrate Judge Kats' Report-Recommendation for clear error and finds none.

Insofar as Plaintiff challenges the ALJ's ultimate conclusions about Plaintiff's disability applications, *see* Dkt. No. 33 at 25-60, such arguments are best considered on review of the merits of the ALJ's decision.  Magistrate Judge Katz' Report-Recommendation and this Order are concerned only with whether the ALJ's decision needs to be remanded for consideration of additional evidence.  Magistrate Judge Katz correctly concluded that such remand is not warranted.  However, he has also appropriately recommended that Plaintiff be given time to submit a brief on the merits of the ALJ's decision, meaning that Plaintiff may file a brief arguing why he believes the ALJ's determination is incorrect.  *See* Dkt. No. 31 at 13.  Plaintiff is advised that if he chooses to submit a brief, it is not an opportunity to reargue his contentions about remanding for submission and consideration of additional records.  Plaintiff's brief is also limited to twenty-five pages in accordance with this Court's General Order 18.[3]

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz' Report-Recommendation (Dkt. No. 31) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

---

[3] General Orders can be found on the Court's publicly available website.

**ORDERS** that Plaintiff's motion for remand pursuant to sentence six of 42 U.S.C. § 405(g) (Dkt. Nos. 20, 24, 29) is **DENIED**; and the Court further

**ORDERS** that pursuant to General Order No. 18, Plaintiff shall have **forty-five (45) days** from the date of this Order in which to file a brief challenging the substantive merits of the ALJ's decision, after which Defendant will have 45 days from the date of service of Plaintiff's brief to respond;[4] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: September 3, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[4] The Court encourages the Commissioner to send a copy of its own filings to Plaintiff via certified mail so that all parties and the Court can ensure their delivery.