UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEASHON T.,

                                        **Plaintiff,**

  vs.                                                                              8:23-CV-1541
                                                                                   (MAD/MJK)

COMMISSIONER OF SOCIAL SECURITY,

                                        **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**DEASHON T.**
Latham, New York
*Pro se* Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **KRISTINA D. COHN, ESQ.**
Office of General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    *Pro se* Plaintiff, Deashon T., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying his applications for Supplemental Security Income and Child's Insurance Benefits. *See* Dkt. No. 1. Plaintiff filed three letters seeking to add documents to the administrative record. *See* Dkt. Nos. 20, 24, 29. The Commissioner responded to Plaintiff's letters, arguing that the record was fully developed. *See* Dkt. Nos. 22, 27. In a Report-Recommendation dated May 31, 2024, Magistrate Judge Mitchell J. Katz interpreted Plaintiff's filings as a request to remand the

1

Commissioner's decision pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of new and material evidence that was not part of the original administrative record. *See* Dkt. No. 31. Magistrate Judge Katz recommended denying Plaintiff's request for remand. Plaintiff filed sixty-page objections to the Report-Recommendation. *See* Dkt. No. 33. On September 3, 2024, the Court adopted Magistrate Judge Katz's Report-Recommendation and permitted the parties time to file a brief challenging the substantive merits of the ALJ's decision. *See* Dkt. No. 35.

Plaintiff filed five letters asking for an extension of time to file his brief and to submit additional documents. *See* Dkt. Nos. 36, 38, 42, 44, 46. Plaintiff also filed an appeal to the Second Circuit. *See* Dkt. No. 41.[1] Magistrate Judge Katz granted Plaintiff's first two extension requests and denied his motion to submit additional document to the administrative record. *See* Dkt. Nos. 37, 43, 47. Plaintiff filed a 188-page brief on November 22, 2024. *See* Dkt. No. 48. He attached hundreds of pages of records to his brief. *See id.* Plaintiff lists five primary issues: (1) Magistrate Judge Katz erred in denying his request to appoint counsel; (2) the ALJ erred in failing to consider additional evidence from Plaintiff's childhood; (3) the administrative record is incomplete; (4) the ALJ failed to fully develop the record; and (5) the ALJ erred in her analysis of Plaintiff's claims. *See id.* at 1-6; *see also* Dkt. No. 48-1 at 1-3 (summarizing the twenty-four specific issues Plaintiff has with the Court and the ALJ's decisions). In a sentence labeled "Relief," Plaintiff states that he "do[es] not want [his] adult case penalized or reviewed or come under question if [his] childhood case is remanded; [he] would like to keep [his] adult forward-going SSI." Dkt. No. 48 at 188.

---

[1] The Court concluded that Plaintiff's appeal did not divest this Court of jurisdiction because the Court's September 3, 2024, Order was not a final and appealable decision. *See* Dkt. No. 40.

On December 19, 2024, the Commissioner filed a motion to remand the case to the Social Security Administration for further administrative proceedings. *See* Dkt. No. 51. The Commissioner contends that the ALJ erred in consideration of a medical opinion from consultative examiner Dennis Noia, Ph.D. *See id.* at 3. The Commissioner also agrees that "[t]he ALJ [] did not fully develop the record." *Id.* Plaintiff filed a letter in response on February 8, 2025, stating that the Social Security Administration contacted him on February 3, 2025, about a hearing that was to be held two days later, on February 5, 2025. *See* Dkt. No. 52 at 1. Plaintiff argues that he did not receive proper notice of the hearing. *See id.* He also asks that the Court "use [its] discretion to decide whether [he] can simply be awarded [his] childhood benefits . . . ." *Id.* at 2. Plaintiff requests in the alternative, that if the Court remands his case, it enters an "order explicitly stating that [his] current adult Social Security benefits cannot be reviewed or taken away from [him]." *Id.*

"'Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence.'" *Searcy v. Astrue*, No. 6:10-CV-1294, 2012 WL 3597433, *2 (N.D.N.Y. Aug. 20, 2012) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996)) (additional quotation and quotation marks omitted). "In contrast, where there is 'no apparent basis to conclude that a more complete record might support the Commissioner's decision,' the Court may 'simply remand for a calculation of benefits.'" *Id.* (quoting *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999)).

Based on a review of both parties' filings, it appears that a more complete record might impact the Commissioner's decision such that remand for further proceedings and development of the record is appropriate. A remand for the calculation of benefits is not currently warranted

3

because remand for evidentiary proceedings serves a purpose. *See Demars v. Comm'r of Soc. Sec.*, 841 Fed. Appx. 258, 263 (2d Cir. 2021). Remand for further proceedings would allow the ALJ to obtain additional mental health treatment records discussed by both parties. *See* Dkt. No. 51-1 at 8; Dkt. No. 48 at 184-85. Remand would also provide the ALJ with the opportunity to appropriately articulate consideration of the medical opinions in the record as required by 20 C.F.R. § 404.1520c. *See* Dkt. No. 51-1 at 7; Dkt. No. 48 at 58.

As the Commissioner states, there is evidence in the record which contradicts a finding of disability because the records demonstrate that Plaintiff was cooperative and stable, and had fair judgment and insight, and adequate impulse control. *See* Dkt. No. 51-1 at 9; *see also* Dkt. No. 16 at 483-84. 491-92. The administrative record, as it presently exists, does not present the "extraordinary" circumstances under which a remand solely for the calculation of benefits is warranted. *Brian D. v. Comm'r of Soc. Sec.*, No. 3:21-CV-1368. 2023 WL 1765429, *10 (N.D.N.Y. Feb. 3, 2023) (quoting *Lori H. v. Kijakazi*, No. 3:20-CV-1303, 2022 WL 675702, *3 (N.D.N.Y. Mar. 7, 2022)).

As to Plaintiff's statement that he does not want this case to penalize his separate case for adult benefits, the claims could potentially be adjudicated, together. *See* DI 25201.010 *If You Attain Age 18 After You File Your Disability Application But Before We Make A Determination or Decision*, Program Operations Manual System, Social Security Administration, https://secure.ssa.gov/poms.nsf/lnx/0425201010 (eff. July, 31, 2023). The Court is not aware of the status of Plaintiff's adult benefits case. However, the claims require application of different

standards. *See id.* There is also no basis to believe that Plaintiff's adult case will be negatively impacted by this Court's remand on his application for Child's Insurance Benefits.[2]

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that the Commissioner's motion for remand for further proceedings (Dkt. No. 51) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED AND REMANDED for further proceedings consistent with this Order**;[3] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: February 11, 2025
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] Because the Court is remanding this case, it need not analyze Plaintiff's argument that the Court erroneously denied him counsel.

[3] This decision is not at odds with the previous ruling of the Court denying Plaintiff's request for remand pursuant to sentence six of 42 U.S.C. § 405(g), because the Commissioner has moved for remand pursuant to sentence four 42 U.S.C. § 405(g). *See* Dkt. No. 51-1 at 4.